UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **SHERVONDALINE BREEDLOVE, an** Individual; <br><br>      **Plaintiff,**<br><br>v.<br><br>**LIFE INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania Corporation; STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY LONG TERM DISABILITY PLAN, an Employee Benefit Plan; and DOES 1 through 10, inclusive;**<br><br>      **Defendants.** | CASE NO.:<br><br>**COMPLAINT FOR VIOLATION OF ERISA SECTION 502(a)(1)(B);**<br><br>[29 USCS 1132(a)(1)(B)]<br>[29 USCS 1132(g)] |

Shervondaline Breedlove, ("Plaintiff"), alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Collin County, Texas. She was an employee of State Farm Mutual Automobile Insurance Company, and by virtue of said employment she qualified for disability benefits through the State Farm Mutual Insurance Company Long Term Disability Plan.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, Life Insurance Company of North America ("LINA"), is a corporation existing under the laws of Pennsylvania and doing business in the Northern District of Texas.

3. Plaintiff is informed, believes and thereupon alleges that Defendant, State Farm Mutual Automobile Insurance Company Long Term Disability Plan, is an employee benefit plan existing under the laws of Illinois, and doing business in the Northern District of Texas.

4. Plaintiff is informed, believes and thereupon alleges that each of the Defendants and Does 1 through 10, inclusive, are responsible for the events and occurrences referred to herein, as well as the damages alleged. The true names and capacities of the Defendants sued herein as Does 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff will seek leave of court to amend this complaint to allege the true names and capacities of the Doe Defendants when they have been ascertained.

### Jurisdiction and Venue

5. Jurisdiction is conferred on this court by 28 U.S.C. § 1331 (Federal Question). Venue is additionally proper pursuant to 28 U.S.C. Section 1391(b)(2).

### Plan Provisions and Actions

6. The Plan was at all material times a duly organized, existing and qualified Plan. *A copy of the State Farm Mutual Automobile Insurance Company Long Term Disability Plan is attached hereto as Exhibit A and incorporated herein by reference.*

7. The Plaintiff was an employee of State Farm Mutual Automobile Insurance Company and was a duly qualified participant in the Long-Term Disability Plan ("The Plan") at all material times hereto. Plaintiff has duly complied with all the conditions necessary to receive such benefits.

8. The Long-Term Disability Plan provided for the payment of disability benefits in the event a Plan participant became totally disabled.

9. The Long-Term Disability Plan that Life Insurance Company of North America sold the State Farm Mutual Automobile Insurance Company contains "any occupation" and "own occupation" definitions of disability. It contains the following definition of Disability/Disabled:

> *Definition of Disability*
> *"An Employee is Disabled if, because of Injury or Sickness,*
> *1. he/she is unable to perform all the material duties of his/her regular occupation, or solely due to Injury or Sickness, he/she is unable to earn more than 80% of his/her Indexed Covered Earnings; and*
> *2. after Disability Benefits have been payable for 24 months, he/she is unable to perform all the material duties of any occupation for which he/she may reasonably become qualified based on education, training or experience, or solely due to Injury or Sickness, he/she is unable to earn more than 80% of his/her Indexed Covered Earnings."*

10. On or about July 30, 2018, the Plaintiff became totally disabled by virtue of her inability to work as required by the Long-Term Disability Plan.

11. Plaintiff received Short Term Disability benefits through January of 2019, and she became eligible for Long Term Disability ("LTD") benefits on January 28, 2019.

12. By letter dated March 7, 2019, LINA informed the Plaintiff that it could not approve her claim for LTD benefits.

13. Dr. Richard Semelka wrote a response to this denial on March 22, 2019: "She is limited in her daily activities, and she is unable to work at any occupation on a sustained basis." *See Exhibit B*. She suffers from "clinical features including persistent head pain, brain fog, intense burning of the skin, severe boring pain in joints and bones, chronic, widespread muscle pain, skin tightness, and skin irritations." Mrs. Breedlove has cognitive impairments that "result in her inability to effectively articulate thoughts, process information, make decisions, follow tasks through to completion, pay attention, keep a consistent schedule, maintain regular attendance, promptly meet deadlines, follow directions, work at a constant pace, or multitask efficiently." Dr. Semelka limited her to lifting 5 pounds, standing for 30 minutes and 5 minutes in an hour.

14. Dr. Semelka opined that Mrs. Breedlove "is incapable of participating in any competitive employment – regardless of availability of physical and mental accommodations." Dr. Semelka concluded by stating that Plaintiff was totally disabled from all competitive employment: "Ms. Breedlove is for the foreseeable future totally disabled from engaging in, and more importantly, in sustaining, any occupation or gainful employment, even light, part-time, or sedentary work. Ms. Breedlove has been disabled since January 2016 and it is my opinion that she will remain disabled for the foreseeable future. Her fatigue, body pain, migraines, mental impairment, and cognitive symptoms will significantly and consistently interfere with any future work performance and attendance. She is unable to process the material and perform the substantial duties of any occupation. Her condition is not expected to improve appreciably over time."

15. The Plaintiff appealed LINA's denial of her claim for LTD benefits by letter dated March 27, 2019.

16. By letter dated May 30, 2019, LINA denied this appeal because "Based on the medical reviews as summarized above, we have determined that you remain able to perform your Regular Occupation based on the medical records in your file. There is no evidence at this time to warrant an alteration of the decision to deny your claim. . . . an explanation of your functionality and how your functional capacity prevents you from performing your Regular Occupation from July 30, 2018, and forward is not medically supported."

17. Plaintiff timely appealed her denial of LTD benefits.

18. By letter dated July 2, 2019, LINA affirmed its previous denials of Plaintiff's claim LTD benefits. This denial exhausted Plaintiff's administrative remedies.

19. Plaintiff was referred to Fulbright Neuropsychology for a Neuropsychological Evaluation, which was completed by Traci Rosvall, Ph.D. on July 31, 2019. *See Exhibit C*.

20. After reviewing her testing results, this report gave the following summary of the effects of Plaintiff's neurocognitive deficits on her daily function: "While she may be able to perform certain tasks safely and effectively at times, her functioning is highly unreliable, and she can just as easily be unable to perform the simplest tasks. This is clearly distressing to her, and it indicates that she would be unable to maintain competitive employment." Based upon her examination and testing results, Plaintiff was diagnosed with the following conditions: **294.10 Major neurocognitive disorder due to another medical condition (gadolinium deposition disease; GDD), without behavioral disturbance**; **293.84 anxiety disorder due to another medical condition (GDD)** and **293.83 Major depressive-like episode due to another medical condition (GDD)**. "Mrs. Breedlove's test results and history clearly indicate that she would be unable to engage in competitive employment at this time due to her physical, cognitive, and emotional symptoms.

21. Plaintiff was awarded Social Security benefits on December 10, 2020, by Administrative Law Judge Charles Walters ("ALJ Walters"). *See Exhibit D*. ALJ Walters found that Plaintiff suffered from the following severe impairments: migraine headaches, lumbar degenerative disc disease, gadolinium disease, major neurocognitive disorder, major depressive disorder, anxiety disorder and obesity. ALJ Walters further found that "**Her off-task time includes in addition to normal breaks off task 25% of the time in an 8-hour workday.**"

22. ALJ Walters noted that "a 24-hour urine toxic test for metals revealed significantly elevated gadolinium and tin as well as moderately elevated thallium and cesium and elevated urine creatine."

23. ALJ Walters found that Plaintiff has been disabled since July 30, 2018.

24. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, the opinions of her treating physician, *See Exhibit B* and *Exhibit C* and the decision of the Social Security Administration, *Exhibit D*.

25. Notwithstanding Defendants' review, the Plaintiff is totally disabled as defined by the Plan and due benefits which the Defendants refuse to pay. The Plaintiff brings this action seeking relief for Defendants' violations of various sections of the Employee Retirement Income Security Act of 1974.

26. The Court has authority to review the decision of the Plan de novo.

## CAUSE OF ACTION

**(Violation of Section 502 (a)(1)(B) Against Life Insurance Company of North America, State Farm Mutual Insurance Company Long Term Disability Plan, and DOES 1 through 10, inclusive.)**

27. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 26, inclusive.

28. The Plaintiff is due rights and benefits under the terms of the Plan.

29. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

30. The decision denying the Plaintiff the rights and benefits due to the Plaintiff under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory and not made in good faith.

31. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

32. As a further direct and proximate result of the Defendants' actions, the Plaintiff has incurred, and will incur in the future, attorney fees and costs in an amount to be proven.

33. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages in an amount to be proven. Such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to Plaintiff all benefits due under the Plan;

2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award Plaintiff a money judgment for all sums owed to Plaintiff;

3. Awarding Plaintiff prejudgment interest to the date of judgment;

4. Awarding Plaintiff's attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

**Dated: September 26, 2022**

**UNDERWOOD LAW OFFICES**

**By:** */s/ Mark F. Underwood*
**Mark F. Underwood, TX Bar #24059341**
**2530 W. White Avenue, St. 200**
**McKinney, TX 75071**
**Telephone: (972) 535-6377**
**Facsimile: (800) 991-4384**
**munderwood@underwoodlawoffices.com**
*Counsel for Plaintiff*